*United States v. Cardroom International, LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.                                                                      17-2028

CARDROOM INTERNATIONAL, LLC,

*Interested Party-Appellant.** 

---

FOR PLAINTIFF-APPELLEE:          Jason H. Cowley, Micah W.J. Smith, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

---

* The Clerk of Court is directed to amend the official caption as set forth above.

**FOR INTERESTED PARTY-APPELLANT:**

> Cyrus M. Sanai, Beverly Hills, CA; Jay Sanchez, New York, NY

Appeal from orders of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Interested Party-Appellant Cardroom International, LLC ("Cardroom") appeals from two orders entered in a civil *in rem* forfeiture action in the United States District Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Government commenced this civil action in April 2011. It alleged that from roughly November 2006 through April 2011, three leading internet poker companies in the United States—PokerStars, Full Tilt Poker, and Absolute Poker/Ultimate Bet (collectively, the "Poker Companies")—used fraudulent methods to avoid restrictions on internet gambling. The Government sought forfeiture of all right, title, and interest in the assets of these companies. In September 2011, Cardroom filed a claim asserting an interest in an unspecified $30 million worth of property relating to the Poker Companies, based on alleged damages suffered because of the Poker Companies' actions.

On August 19, 2016, the District Court struck Cardroom's claim without leave to amend, holding that it lacked standing based on the original claim, and that its new theory was both futile and brought in bad faith. On April 28, 2017, the District Court denied Cardroom's motion for a "new trial" of its stricken claim, which the District Court construed as a motion for reconsideration, as meritless. On appeal, Cardroom challenges the District Court's holding that it would have been futile to grant its motion for leave to amend and that the motion was brought in bad faith.

We review *de novo* a district court's decision concluding that a claimant lacks standing to contest forfeiture. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999). We similarly review *de novo* denial of leave to amend on the ground that amendment would be futile because the proposed theory is meritless. *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015). When leave to amend is denied based on bad faith or undue delay, we review for abuse of discretion. *See id.* at 496.

Cardroom argues that *Luis v. United States*, 136 S. Ct. 1083 (2016), relaxes its burden of demonstrating that it had a specific interest in subject property by establishing that a claim need not be possessory to be recognized in forfeiture proceedings. We disagree.

To begin with, *Luis* addressed a situation in which the Government's attempt to freeze "substitute assets" unrelated to the alleged crime interfered with defendant's Sixth Amendment right to counsel. *See id.* at 1096. We see no analogy between the untainted "substitute assets" in *Luis* and the $30 million in "substitute res" in this case.

2

Moreover, unlike in *Luis*, the Government here did not seek to restrain untainted "substitute assets." Invoking 18 U.S.C. §§ 1955(d) and 981(a)(1)(A) and (C), the Government sought forfeiture of tainted property. The "substitute res" is simply the result of a stipulation between the Government and Cardroom that facilitated the Government's proceeding with the forfeiture and disposition of the tainted property in return for the Government's holding $30 million in reserve against the possibility that Cardroom succeeded in its claim. Thus, the stipulation clearly indicates that the pool of money is a substitute "for the Forfeited Full Tilt Assets." App. At 102. Cardroom therefore stands in the same position to the substitute res as it did to the tainted defendant property in the first instance. Accordingly, to have standing in this forfeiture proceeding, Cardroom would have to plausibly allege that it is an innocent owner of some of the forfeited property, and it has not done so.

Cardroom also contends that the District Court erred in holding that a 2003 agreement purportedly granting Cardroom's predecessor-in-interest a retained ownership interest in Full Tilt Poker's software did not grant it any property interest that would give rise to a cognizable claim in this civil forfeiture proceeding. Upon a review of the record, we conclude that the District Court properly denied Cardroom's motion to leave for amend based on the 2003 agreement as futile. As the District Court correctly recognized, the 2003 agreement at most affords Cardroom a breach of contract claim against the Government, rather than a claim against the forfeited property (or the substitute res standing in its place). Moreover, the District Court reasonably determined that the plain language of the agreement forecloses any such breach of contract claim in any event, since the restriction on alienation on which Cardroom relies was only in effect for two years from the date of the agreement.

We also conclude that the District Court did not abuse its discretion in finding that Cardroom's motion to amend was made in bad faith. Cardroom sought leave to amend to assert a totally new theory over a year after it filed its initial claim, and the District Court properly rejected its explanations for that delay, because the facts underlying its new theory were clearly available to it when it filed its initial claim.

## CONCLUSION

We have reviewed all of appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3